UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GEORGE SHIELDS,**

        **Plaintiff,**

v.                                                         Case No:  6:13-cv-1764-Orl-40GJK

**BROADSTAR COMMUNICATIONS, LLC,**
**NATIONAL CABLE & INTEREST, LLC,**
**TYLER BELL,**

        **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 33)
>
> **FILED:** February 10, 2015
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be dismissed for lack of subject matter jurisdiction**.

**I.**     **BACKGROUND.**

On October 2, 2013, George Shields (the "Plaintiff") filed a complaint (the "Complaint") against Broadstar Communications, LLC, National Cable & Interest, LLC, and Tyler Bell (collectively, the "Defendants") in Florida's Ninth Judicial Circuit Court in and for Orange County, Florida, alleging violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*. (the "FLSA") and a state law unpaid wages claim.  Doc. No. 2.  On

November 12, 2013, Defendants removed this action to the United States District Court in and for the Middle District of Florida, Orlando Division, on the basis of federal question jurisdiction. Doc. No. 2. In the Complaint, Plaintiff alleges that he was a non-exempt employee under the FLSA. Doc. No. 2 at 2. Subsequent to the Complaint being filed in this action, Defendant Broadstar Communications, LLC filed an action against Plaintiff in Florida's Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, alleging tortious interference and defamation, Case No. 2014-CA-001414-MB-AO (the "Broadstar's State Action"). Doc. No. 33 at 1.

On or about September 17, 2014, the parties engaged in private mediation, where they reached a global settlement of all claims, including the claims in Broadstar's State Action. *See* Doc. Nos. 33 at 2 ¶ 6; 33-1 at 1, 12. On February 10, 2015, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the parties filed a Joint Motion for Approval of Settlement Agreement and Dismissal With Prejudice (the "Motion"). Under *Lynn's Food*, the parties request that the Court approve their Confidential Settlement Agreement and Release of All Claims (the "Agreement") as a fair resolution of a bona fide FLSA dispute and to dismiss this case with prejudice. Doc. Nos. 33 at 1, 6; 33-1. In the Motion and the Agreement, Plaintiff repeatedly stipulates that he was an exempt employee under the FLSA and, therefore, not entitled to overtime compensation thereunder. Doc. No. 33 at 2 ¶¶ 4-5; 33 at 5; 33-1 at 1. Moreover, in the Motion, the parties state that "[t]he purpose of this [Agreement] was to resolve all of the remaining disputes, including Plaintiff's [state law] unpaid wages claim against Defendants and [Broadstar's State Action] claims against Plaintiff." Doc. No. 33 at 2 ¶ 6. Thus, Plaintiff has stipulated that he is exempt from the FLSA, which means he is not entitled to relief thereunder, and the Agreement only resolves Plaintiff's state law claims and Broadstar's State Action. *Id.* Nevertheless, the

parties maintain that the Court's approval of the Agreement is necessary under the FLSA. Doc. No. 33 at 2 ¶ 7. For the reasons set forth below, the undersigned disagrees.

## II. ANALYSIS.

The FLSA provides a statutory right to overtime pay for non-exempt employees. 29 U.S.C. § 207(a)(1). If an employee is exempt from the protections of the FLSA, then they have no right to overtime pay. *See* 29 U.S.C. § 213(a)(1); *see also Altman v. Sterling Caterers, Inc.*, 879 F. Supp. 2d 1375, 1381 (S.D. Fla. July 17, 2012) (the overtime requirements of the FLSA are inapplicable to exempt employees).

In *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the only means by which a settlement of FLSA claims may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them.... The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed under FLSA or they obtain the Court's approval of the settlement of the FLSA claims, the parties' agreement is unenforceable. *Id*.; *see also Sammons v. Sonic-North Cadillac, Inc.*, Case No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032 at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked Court approval or supervision by Secretary of Labor); *Nall v. Mal-Motel, Inc.*,

723 F.3d 1304, 1306-07 (11th Cir. 2013) (the framework for *Lynn's Food* applies to settlement agreements between former employers and employees). Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute" over FLSA provisions of coverage and liability. *Lynn's Food*, 679 F.2d at 1354-55. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; [the Eleventh Circuit allows] the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

In this case, there is not dispute over FLSA claims. In fact, the Agreement in this case does not resolve any FLSA claims. Doc. No. 33-1. Plaintiff "stipulates that he was an exempt employee under the [FLSA], not entitled to overtime compensation." Doc. Nos. 33 at 2 ¶ 6; 33-1 at 1. Based on his stipulation, Plaintiff does not have a bona fide FLSA claim. *See Bautista Hernandez v. Tadala's Nursery, Inc*., 34 F. Supp. 3d 1229, 1238 (S.D. Fla. July 3, 2014) ("To recover overtime pay, however, an employee must first establish he is protected by the FLSA. . . .") (citing authority). Thus, in this case, there is no compromise of an FLSA claim for the Court to scrutinize under *Lynn's Food* and Plaintiff's FLSA claim is due to be dismissed. Furthermore, as the only remaining claim in this case is a state law claim for unpaid wages, which the parties have settled, there is no longer an actual case or controversy over which the Court may exercise subject matter jurisdiction. *See Busby v. Veolia ES Special Services, Inc*., No. 6:08-cv-757-Orl-19KRS, 2008 WL 4724757, at *1-2 (M.D. Fla. Oct. 24, 2008) (dismissimg FLSA case with prejudice where there was no compromise of FLSA claims and there was no longer an active case or controversy). Accordingly, the undersigned finds that the case should be dismissed with prejudice.

### III. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 33) be **DENIED**; and

2. The Court enter an order dismissing the case with prejudice for lack of subject matter jurisdiction and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on March 31, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy